IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE PAINTING INDUSTRY INSURANCE FUND, et al., | CASE NO. 1:15 CV 269 |
| Plaintiffs, | |
| v. | JUDGE DONALD C. NUGENT |
| THE EDWARD R. FLYNN CO., INC., | |
| Defendant. | **MEMORANDUM OPINION** |

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiffs, Trustees of the Painting Industry Insurance Fund; Trustees of the Cleveland Glass and Glazing Industry Pension Plan; and, Trustees of the IUPAT Industry Pension Fund ("the Funds"). (Docket #23.) Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Funds seek summary judgment against Defendant, The Edward R. Flynn Co., Inc. ("Flynn"). This action arises under Section 201 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 1985, and Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145. The Funds seek judgment against Flynn for delinquent fringe benefit contributions, as well as liquidated damages, interest, costs, attorney fees and expenses.

**Factual and Procedural Background**

The Funds provide medical and pension benefits to employees who work in the glass and glazing industry pursuant to the terms of Collective Bargaining Agreements negotiated between

local unions and employers. Employers are obligated to make contributions to the Funds in order to fund benefits for participants and beneficiaries.

Flynn is an Ohio corporation which employs glaziers. Flynn is a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA") between Flynn and the Construction Employers Association and Glazing Contractors Association of Northeast Ohio and The International Union of Painters and Allied Trades, District Council No. 6 and Glaziers Local Union No. 181. (See Complaint at Exhibit A.) Pursuant to the terms of the CBA, Flynn is required to make monthly fringe benefit contributions to the Funds, but failed to do so during certain time periods. Flynn states that many of the projects on which it works as a subcontractor are public works projects, under which payments are often delayed. (Memorandum in Opposition at p. 3.) Flynn states that over the past two years, it worked on several public improvement projects for which it awaits payment, resulting in cash flow issues which have prevented it from making timely payments to the Funds as required. (Id.)

The Funds filed their Motion for Summary Judgment on February 24, 2016 and filed a Supplemental Brief on April 26. 2016. (Docket #23.) The Funds seek judgment for delinquent fringe benefit contributions for the months July through December 2014; January through March 2015; October through December 2015; and, January through February 2016. The Funds argue that pursuant to the CBA and ERISA, Flynn had an obligation to contribute to the Fund; that Flynn admittedly did not make required payments; and, that pursuant to the terms of the CBA, Flynn is liable for the unpaid amount plus liquidated damages, interest, costs, attorney fees and expenses. (CBA at Article XI, Sections 9, 13 and 17.) The Funds argue that based on the reports submitted to the Funds by Flynn detailing hours worked and amounts owed for each employee, Flynn owed delinquent employee benefit contribution payments in the amount of $86,080.93;

liquidated damages in the amount of $6,450.96; and, interest in the amount of $8,608.09. Flynn paid the Funds $21,000, thus reducing the total amount owed to $80,139.98.

Flynn filed its Memorandum in Opposition on April 29, 2016. (Docket #33.) Flynn does not dispute that it failed to timely pay benefit contribution payments for certain time periods to the Funds. (Docket #33 at p. 3.) However, Flynn argues that because a grievance was filed against it by the Painters & Allied Trades District Council No. 6 (Glaziers No. 181) with the Glaziers Joint Trade Board in early 2015 for breach of the CBA – which resulted in a finding that Flynn violated the terms of the CBA, awarded liquidated damages payable to the Joint Trade Board in the amount of $5,000, and ordered Flynn to pay all benefits owed to the Painting Industry Funds – Flynn was entitled to additional administrative proceedings regarding delinquent fringe benefit contributions in late 2015 and 2016 prior to a lawsuit being filed by the Funds.[1]

---

[1]
> The Decision & Award, dated March 9, 2015, reads as follows:
>
> A meeting of the Joint Trade Board ("JTB") was conducted March 9, 2015 at 11:00 am. Proper notice by certified mail was delivered to the E.R. Flynn Company (the "Employer"). Service was improperly refused by the Employer, and the Employer failed to appear at the JTB meeting.
>
> After considering the evidence and testimony, the Board determines that the Employer violated the Agreement by failing to make required fringe benefits payments to the Glass & Glazing Industry Pension Fund, Health & Welfare Fund, International Pension Fund, Training Fund and other funs set-forth in the collective bargaining agreement per Art. XI, paras. 1-18 (collectively referred to as the "Painting Industry Funds").
>
> As a remedy, the Employer shall:
>
> I. Pay $5,000 "liquidated damages" payable to the Glaziers Joint Trade Board;
> ii. Pay all benefits owed to the Painting Industry Funds by June 1, 2015; and

-3-

Flynn states that it believed it to be "practice and protocol" to conduct administrative proceedings prior to any court action regarding the collection of delinquent fringe benefits.[2] Further, Flynn argues that the Funds are limited to the $5,000.00 in liquidated damages provided for in the Joint Trade Board's Decision and Award; that a question of fact persists as to whether the Funds are entitled to interest given the absence any mention of interest in the Joint Trade Board's decision; and, that the Funds wrongfully failed to credit Flynn amounts covered under a Mechanic's Lien filed by the Funds against Flynn in an attempt to "double dip." (Id. at p. 4.)

The Funds filed their Reply Brief on May 13, 2016, distinguishing employer liability to the Funds for unpaid contributions from grievances filed with the Glaziers Joint Trade Board. (Docket #37.) In short, the Funds argue that such grievances, addressed under Article XXIII of the CBA – and any award of liquidated damages thereunder payable to the Joint Trade Board – are separate and distinct from Flynn's liability to the Funds for unpaid contributions, liquidated damages, interest, costs, attorney fees and expenses as contemplated under Article XI of the CBA. The Funds assert that their calculations, based on the reports submitted by Flynn, are accurate and that the Funds will adjust the amounts owed and/or release the Mechanic's Lien in the event payment is received, whether directly from Flynn or by way of the Lien.

### Summary Judgment Standard

Summary judgment is appropriate when the Court is satisfied "that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of

---

        iii.    Increase their $10,000 wage and welfare bond to $50,000 by June 2, 2015.

[2] Even though Flynn now argues that it should have been afforded additional administrative proceedings, Flynn refused service and did not participate in the March 9, 2015 Administrative Hearing before the Joint Trade Board regarding the Grievance.

law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine dispute" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine [dispute] of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a dispute is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual [disputes] that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted).

### Discussion

Under Section 515 of ERISA, employers bound by a CBA must make contributions to the underlying multi-employer plans, consistent with the terms of the applicable controlling CBA. 29 U.S.C. § 1145. A civil action may be initiated by a fiduciary for or on behalf of a plan to enforce Section 515 and to collect damages, including any unpaid contribution, interest, liquidated damages, and attorney fees. See ERISA § 502(a), (g)(2), codified at 29 U.S.C. § 1132(a), (g)(2).

It is undisputed that Flynn is delinquent in fringe benefit contributions to the Funds for the months July through December 2014; January through March 2015; October through December 2015; and, January through February 2016. Article XI, Section 9 of the CBA provides that, in addition to the amounts due, the delinquent employer is liable for liquidated damages in an amount equal to 10% of the total amount due for the first month and 1½ % percent for each month thereafter that the total delinquent contributions and liquidated damages are not paid, as well as interest, court costs, attorney fees and other expenses.

Based on the reports submitted by Flynn to the Funds, Flynn owed delinquent contributions to the Funds in the amount of $86,080.93 and, pursuant to Article XI Section 9 of the CBA, owes liquidated damages on the delinquent contributions in the amount of $6,450.96 and interest in the amount of $8,609.09. Flynn paid the Funds $21,000.00. Therefore, Flynn owes the Funds a total of $80,139.98, plus reasonable costs and attorney fees. The Mechanic's

Lien has not been satisfied and there is no evidence to support Flynn's assertion that the Funds are trying to "double dip." As indicated by the Funds, the Funds will adjust amounts owed and/or release the Lien as circumstances dictate.

The Grievance filed with the Glaziers Joint Trade Board by the Painters & Allied Trades District Council No. 6 (Glaziers No. 181) against Flynn pursuant to Article XXII of the CBA, and subsequent Decision and Award, does not preclude the Funds from filing a lawsuit for delinquent contributions and damages as set forth in Article XI. The Union, not the Funds, filed said Grievance. This procedure, as set forth in Articles XXII and XXIII of the CBA, governs differences which "arise between the Employer, Union or Employees regarding interpretation or application of any provisions of the agreement." (Article XXII, Section 1.)

However, as specified in Article XI of the CBA, the Employer's liability for fringe benefit payments and related costs under Article XI "shall not be subject to or covered by any grievance or arbitration procedure . . which may be provided or set forth elsewhere in [the CBA]." The Funds are entitled to rely on the written terms of an existing ERISA plan document or collective bargaining agreement and "once the 'employer knowingly signs an agreement that requires him to contribute to an employee benefit plan, he may not escape his obligation by raising defenses that call into question' the Funds' ability to enforce the agreement." *Trustees for Mich. BAC Health Care Fund v. OCP Contractors, Inc.*, 136 F. App'x 849, 851 (6th Cir. Mich. 2005) (quoting *Benson v. Brower's Moving & Storage, Inc.*, 907 F.2d 310, 314 (2d Cir. N.Y. 1990)). Actions taken by the Union pursuant to the CBA, even when alleged by the employer to be in breach of the CBA's terms, do not affect the Funds' right to collect contributions that are due and owing to the Funds. See *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1053 (6th Cir. Mich. 2015) (citing *Cent. States, Southeast & Southwest Areas*

-7-

*Pension Fund v. Behnke, Inc.*, 883 F.2d 454, 459 (6th Cir. Mich. 1989); *Cent. States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148, 1153 (7th Cir. Ill. 1989)). Thus, the Joint Trade Board's assessment of liquidated damages in the amount of $5,000.00 for Flynn's breach of the terms of the CBA, payable to the Joint Trade Board to "pay the expense of administering the contract," does not relieve Flynn of its obligation to pay all benefits owed to the Funds, including liquidated damages, interest, costs, attorney fees and expenses, as required under Article XI of the CBA and 29 U.S.C. § 1132(g), and does not prevent or preclude the Funds from filing a lawsuit against Flynn.

## Conclusion

The Motion for Summary Judgment filed by the Funds (Docket #23) is hereby GRANTED. Judgment is entered in favor of the Funds and against Flynn in the amount of $80,139.98, plus reasonable costs and attorney fees. The Funds shall recalculate the amount owed in the event Flynn makes any payment, or in the event any amount is collected on the outstanding Mechanic's Lien, and shall release said Lien if Flynn satisfies the Judgment against it in this case.

The Funds shall file a Motion and Affidavit within 30 days of this Judgment, detailing costs and fees. Flynn shall have 14 days thereafter within which to respond.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: June 7, 2016